## ANONYMOUS.

*Supreme Court, First District; At Chambers, September,* 1860.

### SUPPLEMENTARY PROCEEDINGS.

In what case a third party examined in supplementary proceedings is entitled to
costs.

Motion for costs under section 301 of the Code.

*Benedict & Boardman,* for the motion.

BONNEY, J.—The plaintiffs in February, 1856, recovered
judgment against the defendants for two thousand dollars and
upwards, and issued execution, which was returned unsatisfied.
They also instituted supplementary proceedings against the de-
fendants. In March, 1859, the plaintiffs, upon affidavit that a
third person named had property of the judgment-debtors of
greater value than $10, obtained an order for the examination
of such third person under section 294 of the Code. The ex-
amination was referred, and proceeded before the referee on
two days, and was adjourned to 20th July, 1859, when said
third party made default by not attending. On 24th January,

1860, the referee reported such default, with the examination taken before him, to the court, and such examination afterwards proceeded at chambers in presence of the court on three different days, ending on 23d March. Two adjournments were afterwards had, but nothing was done on the adjourned days. The examination was long, minute, and searching. Several questions were objected to as not pertinent to the inquiry, or permissible in this proceeding, and some of them the party under examination refused to answer, and at times there appears to have been some excitement of feeling between the party under examination, and the plaintiffs or their counsel. No property of defendants has been discovered by this proceeding, and the party examined now moves for costs under section 301 of the Code, and in my opinion he is entitled to the full amount ($30) in that section mentioned.

When an execution has been returned unsatisfied, the plaintiff therein, may, under section 292 of the Code, institute supplementary proceedings against the defendant, and on such proceedings may, under section 295, call and examine as witnesses all persons who are supposed to be indebted to the defendant, or to have, or have knowledge of, any property belonging to him. Persons so called, and examined as witnesses, are entitled only to witness-fees for attendance; and if found to have money or other property belonging to the defendant, or to be indebted to him, may then be compelled to pay or apply the same in satisfaction of plaintiff's judgment.

The plaintiff may, also, at his election, prosecute supplementary proceedings against any third person in relation to whom he can make or obtain an affidavit that he has property of the judgment-debtor, or is indebted to him in an amount exceeding ten dollars. The proceedings are summary, but in the nature of an equitable action to obtain money or property to which plaintiff claims the right in equity to have applied to his use; and if he fails in the proceeding, I can see no reason why plaintiff should not pay to the respondent costs in like manner, as if he had prosecuted an action against the respondent, and failed therein. In the view I take of these sections of the Code, supplementary proceedings against a third party are seldom necessary when the judgment-debtor is within the jurisdiction of the court, and should only be commenced when the plain-

tiff knows, or has information from the party himself, or others on which he can rely, that such party has property which, under the Code, plaintiff is entitled to have applied on his judgment; and even in such case, and when property is discovered, in my opinion a party respondent who has been guilty of no fraud or concealment, but has been always willing to pay or apply the money or property in his hands as should be just and equitable, and has only sought to protect himself against a double claim therefor, should be allowed reasonable costs out of the funds in his hands. The same rule as to costs should apply as in cases of interpleader.

But when a respondent has, from the beginning, denied having any property of the judgment-debtor in his hands or under his control, and after several days' attendance, and a long and searching examination, it is decided that his denial was true, he is surely equitably entitled to reasonable costs, so far as allowed by law.

In this case, thirty dollars costs are allowed to the respondent.